**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chidinma Grace Salako, | No. CV-24-00118-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Lilian Kim Franklin, et al., | |
| Defendants. | |

Pending before the Court are three interrelated motions: (1) Defendants' motion to dismiss (Doc. 17); (2) Plaintiff's motion for leave to file an amended complaint (Doc. 36); and (3) Plaintiff's motion for Rule 11 sanctions (Doc. 59). For the reasons that follow, the motion to dismiss is granted and the other two motions are denied.

## RELEVANT BACKGROUND

On January 17, 2024, Chindinma Grace Salako ("Plaintiff"), who is proceeding *pro se*, initiated this action by filing the complaint. (Doc. 1.) Plaintiff, a former teacher at Casa Blanca Community School ("CBCS"), seems to contend that she was discriminated against on the basis of disability, race, and age when she was terminated in August 2023.[1] However, the complaint does not name CBCS as a defendant. Instead, the only named

---

[1] It is not clear from the complaint whether Plaintiff only seeks to assert a disability discrimination claim under the Americans with Disabilities Act ("ADA") or whether Plaintiff also seeks to assert a race discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII") and an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"). Thus, "[o]ut of an abundance of caution, Defendants . . . prophylactically treat[ed] Plaintiff's complaint as raising federal disability, race, and age discrimination claims." (Doc. 17 at 2 n.2.) The Court will do the same here.

defendants are three CBCS employees (together, "Defendants").

On April 29, 2024, Defendants filed a motion to dismiss.  (Doc. 17.)  Defendants contend that (1) the Court lacks subject-matter jurisdiction over this action because "CBCS is a tribal corporation that acts as an arm of the Gila River Indian Community," and thus enjoys tribal sovereign immunity, and this immunity extends to Defendants because they are being sued for acts performed "in their official capacity and within the scope of their authority"; (2) for similar reasons, Plaintiff's statutory claims are subject to dismissal under Rule 12(b)(6) because the relevant statutes exclude Indian tribes from the definition of "employer"; and (3) at a minimum, Plaintiff's statutory claims are subject to dismissal under Rule 12(b)(6) because the relevant statutes do not authorize liability against individual employees of an employer.  (*Id.*)

On July 3, 2024, Plaintiff filed a response brief.  (Doc. 33.)   In seeming response to Defendants' jurisdictional challenge, Plaintiff offers a discussion of *Lewis v. Clarke*, 581 U.S. 155 (2017).  (*Id.* at 4-5.)  Plaintiff also emphasizes that "[t]ribal employers should be aware of the potential for defamation claims" and contends that the Occupational Health and Safety Act ("OHSA") applies to tribal employers.  (*Id.* at 6-7.)  Next, Plaintiff discusses "Specific Contexts and Requirements for the ISDEAA Act Compliance with Federal Funding Requirements."  (*Id.* at 7-8.)  Next, Plaintiff concedes that CBCS "is a tribally controlled school, a tribal employer."  (*Id.* at 8.)  Next, Plaintiff discusses the concept of exhausting tribal remedies.  (*Id.* at 8-9.)  Next, Plaintiff offers a lengthy "Statement of Facts."  (*Id.* at 9-12.)   Finally, Plaintiff points out various perceived inaccuracies in Defendants' description of the facts.  (*Id.* at 12-16.)

A few days later, on July 7, 2024, Plaintiff filed a motion for leave to file a First Amended Complaint ("FAC").  (Doc. 36.)  Plaintiff asserts, in conclusory fashion, that leave should be granted because her proposed FAC "is simply an addition of the legal technicalities which Defendants complained were lacking from Plaintiff's original complaint, prompting their motion to dismiss.  Therefore, all the deficiencies of Plaintiff's original complaint will be cured in the amended complaint, and this may result in expansion

of facts to include the technicalities that are absent from Plaintiff's original complaint, regardless that the absence of such technicalities does not support a Defendant's motion to dismiss." (*Id.* at 2.) In the proposed FAC enclosed as an attachment to the motion, which is not redlined as required by LRCiv 15.1(a), Plaintiff seeks to add CBCS as a defendant and to assert the following claims: "(A). Exposure to Unsafe and Unhealthful Workplace, resulting in workplace COVID-19 (B). Retaliation for exercising rights in reporting workplace safety concerns - a protected activity under the OSHA Act. (C). Discrimination based on Age. (D). Failure to accommodate COVID-19 infection related disability. (E). Criminal Defamed. (F). Breach of employment contract. (G). 14th Amendment Violation." (Doc. 36-1 at 1-3.)

On July 26, 2024, Defendants filed a reply in support of their motion to dismiss. (Doc. 41.) Among other things, Defendant contend that because "Plaintiff concedes that the tribal elementary school that employs Defendants is an arm of the Gila River Indian Community and that she named Defendants in their official capacities," "[t]hese admissions are outcome determinative—Defendants are entitled to sovereign immunity's protections, rendering dismissal appropriate." (*Id.* at 3-4.) Defendants also contend that Plaintiff's reliance on *Lewis* is misplaced because the defendant in that case was sued in his individual capacity; because any adverse judgment in this case would functionally operate against the tribe because CBCS is the real party in interest; and because *Lewis* involved state-law tort claims, not federal statutory claims. (*Id.* at 5-8.) Finally, Defendants note that Plaintiff did not respond to their Rule 12(b)(6) arguments regarding the inapplicability of the ADA, Title VII, and the ADEA to tribes and the impermissibility of individual-liability claims under those statutes. (*Id.* at 8-11.)

That same day, Defendants filed a response to Plaintiff's motion to amend. (Doc. 42.) As an initial matter, Defendants contend that Plaintiff's motion should be denied because she failed to provide a redlined version of her proposed new pleading, as required by LRCiv 15.1(a). (*Id.* at 1 n.1.) On the merits, Defendants contend that amendment would be futile because subject-matter jurisdiction must exist at the outset of the case, and thus

1   "Plaintiff may not establish subject matter jurisdiction retroactively via an amended

2   complaint." (*Id.* at 2-7.)

3       The deadline for Plaintiff to file a reply in support of her motion for leave to amend

4   was August 2, 2024. *See* LRCiv 7.2(d).  Plaintiff did not file a reply by that date and still

5   has not filed a reply.[2]  However, on September 17, 2024, Plaintiff filed a motion for Rule

6   11 sanctions against defense counsel. (Doc. 59.)  Among other things, Plaintiff accuses

7   defense counsel of mischaracterizing the parties' meet-and-confer sessions.  (*Id.* at 5.)

8   Recently, the motion for sanctions became fully briefed—Defendants oppose the request

9   for a host of reasons and ask for an award of the fees they incurred in preparing the response

10  (Doc. 66) while Plaintiff defends her request (Doc. 67).

## ANALYSIS

### I.   Motion To Dismiss

13      Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a defendant may

14  move to dismiss an action for "lack of subject-matter jurisdiction."[3]  "Under Rule 12(b)(1),

15  a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways.  A

16  'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are

17  insufficient on their face to invoke federal jurisdiction. . . .  A 'factual' attack, by contrast,

18  contests the truth of the plaintiff's factual allegations, usually by introducing evidence

19  outside the pleadings."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation

20  omitted).  Either way, the plaintiff bears the burden of establishing that subject-matter

21  jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

22      Plaintiff has not met that burden here.  The three relevant background principles are

23  that (1) "[t]ribal sovereign immunity protects Indian tribes from suit absent express

24  authorization by Congress or clear waiver by the tribe"; (2) "tribal corporations acting as

---

2       Between July 13, 2024 and September 6, 2024, Plaintiff filed an array of other documents on the docket, but those filings were either stricken or voluntarily withdrawn by Plaintiff.  (Docs. 45-57.)

3       Courts also "have an independent obligation to determine whether subject-matter jurisdiction exists."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

an arm of the tribe enjoy the same sovereign immunity granted to a tribe itself"; and (3) this immunity also "extends to tribal officials when acting in their official capacity and within the scope of their authority." *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 725-27 (9th Cir. 2008) (cleaned up).  In their motion, Defendants argued and came forward with evidence that all three principles are satisfied here, because (1) the Gila River Indian Community is an Indian tribe entitled to tribal sovereign immunity; (2) CBCS qualifies as an "arm of the tribe" under the five-factor test established in *White v. University of California*, 765 F.3d 1010 (9th Cir. 2014); and (3) Defendants share in CBCS's immunity because they are being sued in their official capacities for acts within the scope of their authority.  It was thus Plaintiff's burden to overcome these arguments and establish that Defendants are not entitled to tribal sovereign immunity.  Plaintiff utterly failed to do so in her response, which concedes that CBCS "is a tribally controlled school, a tribal employer" (Doc. 33 at 8) and does not dispute that Defendants are being sued in the complaint in their official capacities for acts within the scope of their authority.  Plaintiff has also affirmatively conceded the latter point in other filings.  (Doc. 36 at 2, emphasis added ["Plaintiff filed a suit on January 17, 2024, seeking the help of the court in holding the named defendants accountable for their unreasonable, unlawful, unfair, malicious treatment of Plaintiff, *while acting in their official capacities* as employees of Casa Blanca Community School, where Plaintiff was then employed as a Math Interventionist/Elementary Teacher for the 2022-2023 and the 2023-24 respectively."].)[4] Plaintiff's citation of *Lewis v. Clarke*, 581 U.S. 155 (2017), does not change the analysis, as the tribal employee in that case was sued "in his individual capacity." *Id.* at 158.

Because Plaintiff failed to meet her burden of establishing subject-matter jurisdiction over her complaint, the complaint must be dismissed pursuant to Rule 12(b)(1)

---

[4]     The official-capacity status of Defendants is also reinforced by the complaint, which identifies each Defendant by her job title at BCBS (Doc. 1 at 2), and by the attachments to the complaint, which include Plaintiff's charge of discrimination that was directed against CBCS (*id.* at 20) and the EEOC's right-to-sue letter, which explained that "[t]he EEOC is closing this charge because the Respondent is a private membership club or tribal entity" (*id.* at 22).

1    without consideration of Defendants' Rule 12(b)(6) dismissal arguments.  *Moore v.*
2    *Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011) ("[T]he Supreme Court
3    has specifically instructed that a district court must first determine whether it has
4    jurisdiction before it can decide whether a complaint states a claim.").

5    II.    Motion For Leave To Amend

6        The Court agrees with Defendants that Plaintiff's motion for leave to amend should
7    be denied.  Plaintiff failed to provide a redlined version of her proposed new pleading, as
8    required by LRCiv 15.1(a).  Plaintiff is aware of this rule, as she withdrew a previous leave
9    request "because the filed document failed to comply with LRCiv 15.1" (Doc. 35), and she
10   has not offered any explanation for her failure to comply in this instance—after Defendants
11   filed a response brief pointing out this omission, Plaintiff declined to file a reply and
12   otherwise failed to take corrective action.  "The District Court of Arizona routinely denies
13   motions for leave to amend for failure to comply with LRCiv 15.1(a)."  *Eldridge v.*
14   *Schroeder*, 2016 WL 354868, *2 (D. Ariz. 2016).

15       Defendants also contend that when "subject matter jurisdiction is lacking in the
16   original complaint," a district court is "required to dismiss without leave to amend" because
17   "[a] plaintiff may not amend a complaint so as to produce jurisdiction where none actually
18   existed before." (Doc. 42 at 6-7, cleaned up.)  The Court is not convinced that this principle
19   is as categorical as Defendants characterize it,[5] but it is unnecessary to delve into that
20   complicated issue here.  First, as noted in the preceding paragraph, Plaintiff's leave request
21   has already been denied for an independent reason.  Second, and alternatively, even
22   assuming that Plaintiff is permitted to seek leave to amend under these circumstances, her
23   leave request fails on the merits.  Although Rule 15(a) of the Federal Rules of Civil
24   Procedure "advises the court that leave shall be freely given when justice so requires,"

---

[5]      *See, e.g., Intercontinental Indus. Corp. v. Wuhan State Owned Indus. Holdings Co.*,
Ltd., 619 F. App'x 592, 594 (9th Cir. 2015) (affirming district court's determination that
"Plaintiff's FAC fails on sovereign immunity grounds" but concluding that "the district
court abused its discretion when it denied Plaintiff's request for an opportunity to seek to
amend the FAC to allege facts that could place the case within the commercial activity
exception [to sovereign immunity]").

which is a policy that should "be applied with extreme liberality," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (cleaned up), a leave request may be denied if "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W.*, Inc., 465 F.3d 946, 951 (9th Cir. 2006). Here, granting leave to amend would be futile because the claims in the proposed FAC would still be barred by tribal sovereign immunity—indeed, Plaintiff seeks to add BCBS as a defendant, seeks to continue suing the three individual Defendants for actions taken "in their official positions as employees of BCBS" (Doc. 36-1 at 1), and seeks to hold BCBS vicariously liable for the conduct of the three individual Defendants (*id.* at 14).[6]

III.   Motion For Sanctions

Plaintiff's motion for sanctions is denied. Putting aside the procedural shortcomings identified in Defendants' response, the motion fails on the merits. Defendants have adequately explained why they believed their description of the parties' meet-and-confer efforts was accurate, Defendants have not made claims and assertions that were unwarranted by existing law or lacking in evidentiary support, and Defendants' challenged communications with Plaintiff were not sanctionable.

The only debatable question is how to resolve Defendants' request for the attorneys' fees they incurred in responding to Plaintiff's motion. Although that request presents a

---

[6]   Although Plaintiff appears to believe that because OHSA applies to tribal employers (Doc. 23 at 7), she can assert an OSHA claim in the proposed FAC without implicating tribal sovereign immunity (Doc. 36-1 at 8 [Count One of the proposed FAC: "Willful Exposure to Unsafe, Unhealthful Work Environment in Violation of The Occupational Safety and Health Act"]), Plaintiff overlooks that "OSHA does not provide a private right of action." *Clark v. Wells Fargo Bank*, 669 F. App'x 362, 363 (9th Cir. 2016). Similarly, to the extent Plaintiff's intent in asserting a claim for "Criminal and Professional Defamation" in the proposed FAC (Doc. 36-1 at 11-13) was to take advantage of her belief that tribal sovereign immunity does not apply in the defamation context (Doc. 33 at 6), Plaintiff overlooks that she cannot state a claim under the criminal statutes cited in the proposed FAC. *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994); *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). Additionally, even if Plaintiff had attempted to assert a state-law civil defamation claim rather than a claim for "Criminal Defamation [under] (A.R.S) §13-3506.01" (Doc. 36-1 at 12), and even assuming such a claim would not be barred by tribal sovereign immunity, the Court would decline to exercise supplemental jurisdiction over it given the posture of this case and the absence of subject-matter jurisdiction over all of Plaintiff's federal claims.

close call, particularly given the unsupported nature of Plaintiff's motion and Plaintiff's seeming track record of filing requests for sanctions and other forms of discipline against opposing counsel, the Court concludes in its discretion that a fee award is unwarranted here in light of Plaintiff's claims of disability and indigency (Doc. 1 at 7 ["I have since been unemployed . . . [and] am unable to afford my mortgage and just struggling to feed"]) and her status as a *pro se* litigant.  *Cf. Am. Family Mutual Ins. Co., S.I. v. Pecron, LLC*, 2023 WL 6389116, *4 (D. Minn. 2023) (denying fee request by party that successfully opposed motion for Rule 11 sanctions, emphasizing that "Rule 11(c)(2)'s 'prevailing party' fee-shifting provision is discretionary," and explaining that even though the unsuccessful Rule 11 motion "troublingly pushe[d] the limits of zealous advocacy," fee-shifting was still "unnecessary to achieve the Rule's purposes").  Plaintiff is cautioned, however, that "[s]eeking sanctions against an opposing party or its counsel is very strong medicine, and it should be treated with greater care than was shown in this case."  *Id.*

Accordingly,

**IT IS ORDERED** that:

1.     Defendants' motion to dismiss (Doc. 17) is **granted**.

2.     Plaintiff's motion for leave to amend (Doc. 36) is **denied**.

3.     Plaintiff's motion for Rule 11 sanctions (Doc. 59) is **denied**.

4.     The Clerk shall enter judgment accordingly and terminate this action.

Dated this 10th day of October, 2024.

_____
Dominic W. Lanza
United States District Judge